IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES T. DAVIS,

        Plaintiff,                No. CIV S-07-1383 FCD EFB P

    vs.

D. CALVIN, et al.,

        Defendants.        <u>ORDER</u>

_____/

      Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

      Plaintiff must pay the $350 filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

/////

1

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a cognizable claim against defendants Calvin, Brewer, Rath, Lingerfelt, Amero, Hougland, McBride, McDonald, James, and Roche. *See* 28 U.S.C. § 1915A.

The complaint does not state a cognizable claim against defendant Felker. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff may proceed forthwith to serve defendants Calvin, Brewer, Rath, Lingerfelt, Amero, Hougland, McBride, McDonald, James, and Roche and pursue his claims against only those defendants or he may delay serving any defendant and attempt to state a cognizable claim against defendant Felker.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendant Felker, he has 30 days so to do.  He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Calvin, Brewer, Rath, Lingerfelt, Amero, Hougland, McBride, McDonald, James, and Roche, against whom he has stated a cognizable claim for relief, then within 20 days he must return materials for service of process enclosed herewith.  In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendant Felker without prejudice.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting

1  point of a simplified pleading system, which was adopted to focus litigation on the merits of a
2  claim."); Fed. R. Civ. P. 8.
3       Plaintiff must eliminate from his pleading all preambles, introductions, argument,
4  speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible
5  defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996)
6  (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El*
7  *v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of
8  Civil Procedure is fully warranted" in prisoner cases).
9       The court (and defendant) should be able to read and understand plaintiff's pleading
10 within minutes. *McHenry*, 84 F.3d at 1179-80 A long, rambling pleading including many
11 defendants with unexplained, tenuous or implausible connection to the alleged constitutional
12 injury, or joining a series of unrelated claims against many defendants, very likely will result in
13 delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action
14 pursuant to Fed. R. Civ. P. 41 for violation of these instructions.
15      If plaintiff's pleading is deficient on account of an omission or technical defect, the court
16 will not dismiss it without first identifying the problem and giving plaintiff an opportunity to
17 cure it. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). Plaintiff's pleading will be
18 construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff
19 violates the federal rules, once explained, or the court's plain orders.
20      An amended complaint must be complete in itself without reference to any prior
21 pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff
22 files an amended complaint, the original pleading is superseded.
23      By signing a first amended complaint plaintiff certifies he has made reasonable inquiry
24 and has evidentiary support for his allegations and that for violation of this rule the court may
25 impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.
26 /////

4

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." *Cal. Code Regs. Tit.* 15, § 3084.1, et seq. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendants Calvin, Brewer, Rath, Lingerfelt, Amero, Hougland, McBride, McDonald, James, and Roche.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff is must pay the statutory filing fee of $350 for this action. All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendant Felker are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obligated to amend his complaint.

4. The allegations in the pleading are sufficient at least to state cognizable claims against defendants Calvin, Brewer, Rath, Lingerfelt, Amero, Hougland, McBride, McDonald, James, and Roche. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed July 12, 2007, 10 USM-285 forms and instructions for service of process on defendants Calvin, Brewer, Rath, Lingerfelt, Amero,

1  Hougland, McBride, McDonald, James, and Roche.  Within 20 days of service of this order
2  plaintiff may return the attached Notice of Submission of Documents with the completed
3  summons, the completed USM-285 forms, and 11 copies of the July 12, 2007, complaint.  The
4  court will transmit them to the United States Marshal for service of process pursuant to Fed. R.
5  Civ. P. 4.  Defendants Calvin, Brewer, Rath, Lingerfelt, Amero, Hougland, McBride, McDonald,
6  James, and Roche will be required to respond to plaintiff's allegations within the deadlines stated
7  in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe plaintiff's election to proceed
8  forthwith as consent to an order dismissing his defective claims against defendant Felker without
9  prejudice.

Dated:   October 2, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES T. DAVIS,

        Plaintiff,                No. CIV S-07-1383 FCD EFB P

        vs.

D. CALVIN, et al.,

        Defendants.          <u>NOTICE OF SUBMISSION</u>

_____/      <u>OF DOCUMENTS</u>

        Plaintiff hereby submits the following documents in compliance with the court's order filed _____.

        One        completed summons

        ____        completed USM-285 forms

        ____        copies of the _____
                                          Complaint/Amended Complaint

DATED:

                                          _____
                                            Plaintiff