IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES T. DAVIS,

        Plaintiff,                      No. CIV S-07-1383 MCE EFB P

    vs.

D. CALVIN, et al.,

        Defendants.             FINDINGS & RECOMMENDATIONS

                           /

        Plaintiff, a prisoner without counsel, has filed a complaint alleging civil rights violations. *See* 42 U.S.C. § 1983.

        On July 26, 2007, plaintiff filed a motion for a temporary restraining order and a preliminary injunction. He requests an order directing defendants to forestall any medical re-evaluations prompted or instigated by Lieutenant Pentington until a hearing on the merits, and further, prohibiting the confiscation of any of plaintiff's medical aids, such as his wheelchair. For the reasons explained below, the court finds that plaintiff is not entitled to the relief he seeks.

        A temporary restraining order is available to an applicant for a preliminary injunction when the applicant may suffer irreparable injury before the court can hear the application for a preliminary injunction. Fed. R. Civ. P. 65(b) (motion for preliminary injunction shall be set for hearing at earliest possible time after entry of temporary restraining order); *Granny Goose*

*Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439 (1974) (temporary restraining order issued in state court expired ten days after action was removed to federal court); Wright, Miller & Kane, *Federal Practice & Procedure*, § 2951 (2d ed. 1995).  The court addresses the need for an injunction herein and, accordingly, a temporary restraining order pending that ruling is unnecessary.

A preliminary injunction will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action.  *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a very far reaching power never to be indulged except in a case clearly warranting it.  *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).  The Ninth Circuit standards for preliminary injunctive relief are well established:

> "The purpose of a preliminary injunction is to preserve rights pending resolution of the merits of the case by the trial."  *Big Country Foods, Inc. v. Bd. of Educ.*, 868 F.2d 1085, 1087 (9th Cir. 1989).  A preliminary injunction is appropriate "where plaintiffs demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in their favor."  *Sw. Voter Registration Educ. Project v. Shelley,* 344 F.3d 914, 918 (9th Cir. 2003) (en banc) Shelley, 344 F.3d at 917 (internal quotation marks and citations omitted).  "The irreducible minimum is that the moving party demonstrate a fair chance of success on the merits or questions serious enough to require litigation.  No chance of success at all will not suffice." *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) (internal punctuation and citations omitted).

*E. & J. Gallo Winery v. Andina Licores S.A.* , 446 F.3d 984, 990 (9th Cir. 2006).  If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly.  *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978).  The threatened injury must be immediate.  *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980).  And since the remedy is equitable in

nature, there must be no adequate remedy at law. *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

In his verified complaint, plaintiff alleges that defendants acted with deliberate indifference to his medical needs by denying him additional rolls of toilet paper and other proper treatment, and then retaliating against him when he filed an administrative appeal seeking assistance. Plaintiff complains that medical staff have refused to issue a recommendation in the form of a "chrono" that plaintiff is to receive extra toilet paper to assist him in caring for himself. Plaintiff alleges that defendant Dr. James refused to issue the chrono despite diagnosing him with rectal incontinence. Plaintiff attaches evidence to his complaint, however, that Dr. James found his rectal pain and irritation to be of "undetermined etiology, probably proctitis" and prescribed rectal suppositories. Comp., Attach. 2 at 62. Plaintiff has demonstrated a difference of opinion in his treatment between himself and his doctor, not a likelihood of success on the merits and the possibility of irreparable injury. He is receiving medical care addressing his needs, although he does not agree with the care he is receiving he has not shown a likelihood of meeting the satisfying the standards applicable under the Eighth Amendment.

Accordingly, it is hereby recommended that plaintiff's motion for a preliminary injunction be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

////

////

////

1  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3  Dated:   October 9, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE