IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES T. DAVIS,

       Plaintiff,                     No. CIV S-07-1383 FCD EFB P

   vs.

D. CALVIN, et al.,

       Defendants.            ORDER

_____/

      Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. On February 14, 2008, defendants filed a request for an extension of time to respond to the complaint, together with a motion to dismiss. Good cause appearing, defendants' motion is granted and the motion to dismiss is deemed timely filed.

      On February 25, 2008, plaintiff filed a request for an enlargement of time in which to file an opposition to defendants' motion to dismiss. On March 5, 2008, plaintiff filed his opposition. Good cause appearing, plaintiff's request is granted and his opposition is deemed timely filed.

      On March 5, 2008, plaintiff filed a motion for the appointment of an independent medical expert. Federal law limits what may be spent or waived for indigent federal litigants. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. *See United States v. MacCollum*, 426 U.S. at 321; *Tedder v. Odel*, 890 F.2d 210, 211

1

(9th Cir.1989). The plain language of 28 U.S.C. § 1915, the *in forma pauperis* statute, does not authorize the district court to waive fees or expenses paid to witnesses. *See Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir.1992); *Tedder*, 890 F.2d at 211-12. Section 1915 also does not authorize the court to pay the considerably greater expense of hiring expert witnesses to aid an indigent litigant. *See Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995). The district court may, on its own motion, appoint an expert witness under Federal Rule of Evidence 706, *see id.* at 197 n. 5, and may exercise its discretion to apportion all of the expert witness's costs to one side when one of the parties is indigent, *see McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir .), *vacated and remanded on other grounds*, 502 U.S. 903 (1991), but the existence of discretion to appoint an expert indicates that it is not constitutionally compelled.

Plaintiff argues that the standard of medical care at issue in this case can only be proven by expert testimony, and that his claims require expert assistance as they allege that the doctors committed medical fraud in denying him adequate care within the meaning of Rule 9(b) of the Federal Rules of Civil Procedure and California Civil Code §§ 1710(2)(3) and 329(c)(3). Plaintiff cites to *Sanchez v. Vild*, 891 F.2d 240, in support of his argument, stating that the Ninth Circuit, in that case, incorporated California's expert evidence requirement into their standard for summary judgment in medical care cases. The authority that plaintiff cites does not support his argument. On the contrary, Rule 9(b) of the Federal Rules of Civil Procedure states only that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The *Sanchez* decision involved an inmate in Arizona and held only that a difference of medical opinion as to the treatment of a prisoner did not amount to deliberate indifference to the prisoner's serious medical needs and could not support his § 1983 action. Plaintiff has failed to persuade the court that a medical expert is necessary. His request is therefore denied.

On March 7, 2008, defendants requested an extension of time in which to file a reply to plaintiff's opposition to the motion to dismiss. Good cause appearing, that request is granted.

Finally, on March 28, 2008, plaintiff filed a request for an enlargement of time in which to file an opposition to defendants' second motion to dismiss. Plaintiff's motion is granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' February 14, 2008, (docket no. 29) request for an enlargement of time is granted and defendants' motion, filed on the same day, is deemed timely filed;

2. Plaintiff's February 25, 2008, (docket no. 30) request for an enlargement of time is granted and his March 5, 2008, opposition is deemed timely filed;

3. Plaintiff's March 5, 2008, (docket no. 35) request for the appointment of a medical expert is denied;

4. Defendants' March 7, 2008, (docket no. 36) request for an extension of time in which to file a reply to plaintiff's opposition to the motion to dismiss is granted. Defendants have 30 days from the date this order is served in which to file a reply; and,

5. Plaintiff's request for extension of time (docket no. 42) is granted and plaintiff has 30 days from the date this order is served to file and serve an opposition to defendants' motion to dismiss.

So ordered.

DATED: April 8, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE