IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES T. DAVIS,

      Plaintiff,                             No. CIV S-07-1383 FCD EFB P

   vs.

D. CALVIN, et al.,

      Defendants.                    ORDER AND AMENDED SCHEDULE

_____/

      Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. Currently before the court are a variety of motions stemming from plaintiff having walked out on his deposition before it was completed. Defendants Calvin, Rath and Brewer have filed a motion to compel plaintiff to appear for the completion of his deposition and to modify the pretrial scheduling order to extend the discovery cutoff date so as to accommodate that request. They also seek an extension of the law and motion cutoff date because the delay in plaintiff's deposition has necessarily delayed the preparation of a summary judgment motion.[1]

---

[1] Defendants McBride, McDonald, Amero, Roche James and Hougland joined in these motions. However, findings and recommendations to grant their motions to dismiss have issued. Therefore, the court does not consider either motion with respect to these defendants. In the event the district judge declines to adopt the recommendation of dismissal, the court will revisit the motion to compel and give them additional time to file dispositive motions.

1

Plaintiff has opposed these motions and has separately moved for a protective order pursuant to Fed. R. Civ. P. 26(c). He also seeks an order modifying the schedule so that he can complete discovery. As explained below, defendants' motions must be granted and plaintiff's request and motions must be denied.

**I.    Facts**

This action proceeds on the claim that defendants Calvin, Brewer and Rath searched his cell in retaliation for plaintiff having filed a grievance against defendant Calvin. On April 8, 2008, the court issued a discovery and scheduling order. Plaintiff has filed requests for subpoenas so that he can obtain discovery from non-parties and to take depositions of non-parties by written questions. On July 7, 2008, defendants began to take plaintiff's deposition. Defendants assert that plaintiff refused to answer questions about an issue that was central to plaintiff's claims against the other six defendants in this case, i.e., plaintiff's alleged fecal incontinence. Defs.' July 14, 2008, Mot. to Comp., at 3-4. Plaintiff also refused to answer questions about the identities of witnesses to the allegedly retaliatory cell search by defendants Calvin, Rath and Brewer. *Id*., at 4. Defendants' counsel thus contacted this court in an attempt to resolve the discovery dispute. *Id*., at 3. Plaintiff initially agreed to have the court resolve the problem, but then changed his mind and left the deposition. *Id*., at 4-5. Plaintiff left about four hours into the deposition. *Id*., 4. Thus, on July 14, 2008, defendants filed a motion to compel plaintiff to appear for the completion of the deposition. Discovery closed on July 18, 2008, and dispositive motions must be filed no later than September 12, 2008.

**II.    Motions to Modify the Schedule**

Defendants seek modification of the April 8, 2008, schedule to permit them to complete plaintiff's deposition and to vacate the date by which dispositive motions must be filed. Plaintiff seeks an order modifying the date by which discovery must be completed in order to file motions to compel.

////

### A. Standards

A schedule may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

### B. Analysis

#### 1. **Defendants' Motion**

The court first considers whether the time for discovery should be modified. Pursuant to the schedule in this case, discovery closed on July 18, 2008. As discussed above, plaintiff refused to answer questions about the identity of witnesses to the events giving rise to plaintiff's claims. Defendants began plaintiff's deposition on July 5, 2008, and when he refused to answer questions, they attempted to contact the court. Faced with defendants' persistence, plaintiff abruptly left the deposition. Thus, on July 14, 2008, defendants filed a motion to compel plaintiff to appear so that defendants could complete the deposition. They argue that to conduct the required discovery, the court must re-open discovery for the limited purpose of permitting them to have this opportunity. The information defendants seek, i.e., witness identities, could very well lead to witnesses who would provide affidavits in support of a motion for summary judgment. It therefore is within the scope of discovery. *See* Fed. R. Civ. P. 26(b)(1). Defendants timely attempted to complete plaintiff's deposition on July 5, 2008, and had plaintiff cooperated they would have completed the deposition on that date. Discovery closed on July 18. It is unrealistic to believe that the court could have resolved a motion to compel in time for defendants to have re-noticed and taken the balance of plaintiff's deposition before discovery closed. Thus, defendants have acted diligently with respect to plaintiff's deposition. The schedule must be modified to permit the instant motion, and if granted, to completed the limited discovery that they seek.

For similar reasons, addition time must be permitted for the filing of defendants' dispositive motions. Dispositive motions were to have been filed no later than September 12,

2008. Defendants Calvin, Rath and Brewer assert that in order to file a comprehensive motion for summary judgment, they must have an opportunity to complete plaintiff's deposition and any discovery that reasonably flows from that testimony. Defendants cannot know whether they can locate witnesses who could provide affidavits unless and until plaintiff answers their questions. Defendants correctly assert that they could not do this until the court resolved their July 14, 2008, motion. They were diligent in attempting to resolve the discovery dispute both during and after the disposition. However, because of delay in resolving the motion to compel, it was impossible for defendants Calvin, Rath and Brewer timely to submit a dispositive motion. The motion to modify the schedule must be granted.

## 2. Plaintiff's Motion to Extend Time

As noted above, plaintiff also seeks an order permitting him to file a motion to compel after the discovery cutoff dated of July 18, 2008. He filed a motion to compel on August 1, 2008.[2] Plaintiff's attachment shows that defendant Rath served his response on June 11, 2008. Plaintiff does not mention this fact in his motion to modify the schedule. Rather, he asserts that the court's failure to rule on his motion to take the deposition of a non-party has prevented him from completing discovery. Once the court rules on this motion, he argues, he will need to file a motion to compel. This argument suggests that plaintiff seeks to multiply the motions in this action. He also asserts that a defendant committed perjury in a discovery response, which necessitates the filing of a motion to compel. Plaintiff does not identify the discovery response which he believes constitutes perjury. Neither does he identify the defendant alleged to have committed perjury. Finally, he does not present any coherent statement as to how this allegation relates to his request to extend time. Again, plaintiff appears simply to want to prolong the

---

[2] His motion seeks an order compelling defendant Roche to respond to interrogatories and a request for admissions. Since the court has recommended that defendant Roche's motion to dismiss be granted, the court does not consider plaintiff's motion with respect to this defendant. If the district judge declines to adopt the recommendation, then the court will consider this motion in relation to defendant Roche.

4

litigation. As noted, Rath served his response on June 11, 2008, and discovery closed on July 18, 2008. He has not alleged a single fact explaining why he did not have sufficient time to file a motion to compel with respect to defendant Rath. Thus, plaintiff's motion to modify the schedule must be denied.

### C. Conclusion

Defendants have demonstrated that they were diligent in attempting timely to complete discovery. They also have demonstrated that they could not, despite their diligence, timely file a dispositive motion. Thus, their requests to modify the schedule with respect to the time to complete discovery and to file dispositive motions must be granted. Plaintiff, however, has failed to demonstrate that despite his diligence, he could not file a timely motion to compel.

## III. Defendants' Motion to Compel Deposition; Plaintiff's Motion for Protective Order

### A. Standards

An essential goal of discovery is to enable the parties to obtain information necessary to the effective litigation of claims and defenses. *See In re Syncor Erisa Litagation*, 229 F.R.D. 636, 643 (C. D. Cal. 2005). Thus, parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including "the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* A party may take another party's duly noticed deposition in person as a matter of right. Fed. R Civ. P. 30. A party who has attempted to take the deposition of another may seek an order compelling an uncooperative deponent to answer a question. Fed. R. Civ. P. 37(a)((3)(B)(i). To oppose discovery that has been propounded, the party must demonstrate that the discovery sought should not be allowed and must explain and support its objections. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

////

////

**B. Analysis**

Defendants seek an order compelling plaintiff to cooperate with the completion of his deposition. In particular, they seek an order directing him to answer questions about the identity of witnesses to the incident forming the foundation of his claim against them. Plaintiff mistakenly asserts that defendants are entitled to ask only ten questions at deposition. Pl.'s Opp'n, at 3. He argues that because defendants asked more than 30 questions before he left the deposition, the court should deny defendants' motion. He relies on Rule 30(a)(2)(A). Nowhere does Rule 30 limit a party to ten questions at deposition. Rather, unless otherwise stipulated by the parties, the rule requires leave of court to take a deposition when "the deposition would result in more than 10 depositions being taken . . ." Fed. R. Civ. P. 30(a)(2)(A)(i). Any single deposition, however, is limited by time rather than by the number of questions posed. The rules provide that a deposition may not last longer than one day of seven hours. Fed. R. Civ. P. 30(d)(1). If the deponent impedes or delays the examination, the court must allow additional time for the deposition, Fed. R. Civ. P. 30(d)(1), and that additional time is being granted here.

Plaintiff also complains that defendants repeated questions and that their request to continue the deposition constitutes harassment. He argues that since defendants "have nothing new to ask because at the end of the deposition counsel began to" repeat his questions, the court should deny defendants' motion and issue a protective order pursuant to Rule 26(c).[3] Pl.'s Opp'n, at 3. He offers no facts or evidence in support of these assertions. It may be that defense counsel repeated one or more questions that plaintiff refused to answer. It may also be that a particular question was asked, answered and re-asked. Plaintiff has presented nothing to the court to make that determination. But in any event, plaintiff has no right to unilaterally terminate a deposition. He cannot avoid deposition just because he does not like a question, does not like

---

[3] Plaintiff also asserts that defendants should withdraw their motion pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure. The court finds that plaintiff has not alleged specific grounds justifying such withdrawal. *See* Fed. R. Civ. P. 11(c)(2).

6

counsel's persistence or believes that the defendants are on a "fishing expedition." Pl.'s Opp'n, at 5. If plaintiff believes that a question seeks information that is outside the scope of discovery or is subject to an evidentiary privilege, he may state his object to the question. However, absent a privilege, he must answer it nonetheless.

**C. Conclusion**

Defendants have demonstrated that they are entitled to the discovery they seek. Plaintiff has failed to demonstrate that he is entitled to an order limiting the avenues of inquiry at deposition. Thus, defendants' motion must be granted and plaintiff's motion must be denied.

Accordingly, it hereby is ORDERED that:

1. Defendants' July 14, 2008, motion to compel and to modify the schedule with respect to the time to complete discovery is granted. Discovery is re-opened for 45 days from the date this order is signed for the limited purpose of permitting the defendants to complete plaintiff's deposition. Plaintiff shall answer all questions about the identity of witnesses to the best of his ability. The deposition shall be limited to four hours. Plaintiff is admonished that failure to comply with this order may result in sanctions, including the sanction of dismissal. *See* Fed. R. Civ. P. 37(b)(2)(a) and (d) (3).

2. Defendants' August 13, 2008, motion to extend the date for filing dispositive motions is granted. The September 12, 2008, date for the filing of dispositive motions is extended as provided in paragraph 3, below.

3. Defendants shall complete plaintiff's deposition no later than October 25, 2008. Dispositive motions shall be filed no later than December 24, 2008.

4. Plaintiff's June 23, 2008, motion for a protective order is denied.

5. Plaintiff's July 25, 2008, motion for sanctions and for a protective order is denied.

////

////

////

1    6. Plaintiff's June 30, 2008, motion to vacate the schedule is denied.

2 Dated: September 10, 2008.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

8