IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES T. DAVIS,

        Plaintiff,                        No. CIV S-07-1383 FCD EFB P

    vs.

D. CALVIN, et al.,

        Defendants.               ORDER

_____/

        Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. On October 6, 2008, plaintiff filed a motion for protective order and submission of documents under seal. Plaintiff requests a protective order that would allow him to wait until discovery is closed before producing the documents attached to his motion. Plaintiff explains that if the documents are released before discovery is closed, "it will result in irreparable injury to plaintiff's case" because it will take away plaintiff's "tactical advantage." For the reasons explained below, the motion must be denied. Pl.'s Mot. for Prot. Order, Pl.'s Decl. at 1:22-23, 3:1-6.

        "It is well-established that [under the Federal Rules of Civil Procedure,] the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News, Inc. v. United States District Court-Northern District*, 187 F.3d 1096, 1103

1

(9th Cir. 1999); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). Rule 26(c), which governs the granting of a protective order, "authorizes a district court to override this presumption where 'good cause' is shown." *San Jose Mercury News*, 187 F.3d at 1103. Rule 26(c) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

To obtain a protective order, the party resisting discovery or seeking limitations must, under Rule 26(c), show good cause for its issuance. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Additionally, a court will not grant a motion to seal documents unless the proponent makes a particularized showing either that the record is one traditionally kept secret or that there is a compelling reason for sealing the document. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Compelling reasons that would outweigh the public's interest in disclosure include the likelihood the record would be used for an improper purpose, such as to gratify private spite, promote public scandal, circulate libelous statements or release trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978).

Plaintiff's desire for a "tactical advantage" in this action does not satisfy Rule 26(c)'s good cause requirement nor does it justify an order sealing the documents plaintiff filed with the court. Accordingly, it is hereby ordered that plaintiff's October 6, 2008, motion is denied.

DATED: October 20, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE