IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES T. DAVIS,

    Plaintiff,                       No. CIV S-07-1383 FCD EFB P

    vs.

D. CALVIN, et al.,

    Defendants.                <u>ORDER</u>

                             /

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On October 14, 2008, plaintiff moved for certification of an interlocutory appeal of the order filed October 1, 2008.[1] In that order, this court adopted the magistrate judge's September 8, 2008 findings and recommendations, and granted defendants' February 14, 2008 and March 14, 2008 motions to dismiss.

        Title 28 U.S.C. § 1292(b) provides that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he

---

[1] On October 3, 2008, the court amended this order to clarify that plaintiff's claims against defendant McDonald were also dismissed.

1

shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: <u>Provided, however,</u> That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order

Section 1292(b) is to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation. <u>United States Rubber Co. v. Wright</u>, 359 F.2d 784, 785 (9th Cir. 1966). Plaintiff must demonstrate that (1) there is a controlling question of law, (2) that there are substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation. <u>In re Cement Antitrust Litigation</u>, 673 F.2d 1020, 1026 (9th Cir. 1982).

Given these standards, plaintiff's motion to certify an immediate appeal must be denied. The magistrate judge recommended that plaintiff's claims against defendants McBride, Houghland and Amero be dismissed for plaintiff's failure to exhaust available administrative remedies, and that plaintiff's claims against McDonald, James and Roche should be dismissed for plaintiff's failure to state a claim. Plaintiff has not shown that an immediate appeal will materially advance the ultimate termination of the litigation, i.e., that this is an exceptional situation where an immediate appeal will avoid protracted and expensive litigation. Furthermore, the court finds no controlling question of law or substantial grounds for a difference of opinion.

For the reasons stated above, plaintiff's motion for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is DENIED and plaintiff's motion for stay pending the appeal is DENIED as moot.

Dated: April 9, 2009.

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE