IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES T. DAVIS,

        Plaintiff,                    No. CIV S-07-1383 FCD EFB P

       vs.

D. CALVIN, et al.,

        Defendants.              <u>FINDINGS AND RECOMMENDATIONS</u>

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's complaint, filed July 12, 2007, against defendants Calvin, Brewer and Rath. On November 10, 2008, defendants moved for an order dismissing plaintiff's complaint due to his failure to comply with the court's order directing him to attend his deposition. For the reasons stated below, the court recommends that defendants' motion to dismiss be granted, and that all other outstanding motions be denied.

**I.    Background**

       On July 7, 2008, defendants commenced plaintiff's deposition via video conference. During the deposition, plaintiff refused to answer questions about the identity of witnesses to the events giving rise to plaintiff's claims, and he left the deposition room before the deposition was completed. Defs.' Mot. to Dism., Exs. A, B. Consequently, on July 14, 2008, defendants moved

1

to compel the completion of plaintiff's deposition.[1]  On September 10, 2008, the court found that defendants had demonstrated they were entitled to the discovery they sought, and had acted diligently with respect to plaintiff's deposition.  Thus, the court granted defendants' motion to compel plaintiff to reappear for his deposition and to modify the scheduling order to allow defendants to complete discovery.  Additionally, the court admonished plaintiff that "failure to comply with [the] order may result in sanctions, including the sanction of dismissal."  Sept. 10, 2008 Order at 7.

On September 11, 2008, defendants served plaintiff with a notice of continued deposition, scheduling the deposition for October 20, 2008, at 9:00 a.m.  Defs.' Mot. to Dism., Decl. of O'Brien in Supp. Thereof ¶ 7, Ex. C.

On October 10, 2008, defendants requested an extension of time to complete plaintiff's deposition.  Defendants did not, however, cancel or reschedule the October 20, 2008 deposition because they did not want to lose the opportunity to depose plaintiff in the event the court denied their request for an extension of time.  Defs.' Reply, Decl. of O'Brien in Supp. Thereof ¶ 4.  On the morning of October 20, 2008, the court had not yet ruled on defendants' request for an extension of time.  Accordingly, defendants proceeded to conduct plaintiff's deposition via video conference.  *Id.* at ¶ 6.  However, plaintiff failed to appear for his October 20, 2008 deposition and defendants' counsel noted his failure to appear in the deposition transcript.  Defs.' Mot. to Dism., Decl. of O'Brien in Supp. Thereof ¶ 9, Ex. D.

## II. Discussion

A court may dismiss a case for a party's failure to comply with court orders.  Fed. R. Civ. P. 41(b).  A court may also impose sanctions, including the sanction of dismissal, on a party who refuses to comply with discovery orders.  Fed. R. Civ. P. 37(b)(2)(A)(v).  However, "'[w]here

---

[1] Because this court's scheduling order set the date for completion of discovery for July 18, 2008, defendants also requested that the scheduling order be modified to extend that date to provide defendants the time needed to complete their deposition of plaintiff.

2

| | |
|---|---|
| 1 | the drastic sanctions of dismissal or default are imposed . . . the losing party's non-compliance |
| 2 | must be due to willfulness, fault or bad faith.'" *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 946 |
| 3 | (9th Cir. 1993) (quoting *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. |
| 4 | 1985)). "'[D]isobedient conduct not shown to be outside the control of the litigant' is all that is |
| 5 | required to demonstrate willfulness, bad faith, or fault." *Id.* at 948 (quoting *Fjelstad*, 762 F.2d at |
| 6 | 1341). Furthermore, to determine whether to impose the severe sanction of dismissal, a court |
| 7 | must consider the following five factors: (1) the public's interest in expeditious resolution of |
| 8 | litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking |
| 9 | sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the |
| 10 | availability of less drastic sanctions. *Valley Engineers, Inc. v. Electric Engineering Co.*, 158 |
| 11 | F.3d 1051, 1057 (9th Cir. 1998) (citing *Malone v. United States Postal Service*, 833 F.2d 128, |
| 12 | 130 (9th Cir. 1987)); *Henry*, 983 F.2d at 948. |

Plaintiff contends his failure to attend his deposition was not due to willfulness, fault or bad faith and offers several justifications for his failure to attend. Pl.'s Opp'n to Defs.' Mot. to Dism. ("Pl.'s Opp'n") at 5. First, he states that on October 13, 2008, he mailed a letter to defendants' counsel informing him of a doctor's appointment that conflicted with the scheduled deposition.[2] *Id.* at 2. Plaintiff attaches to his opposition brief a doctor's order, dated September 24, 2008, and noting that plaintiff had an appointment scheduled for October 20, 2008. *Id.* at Ex. C. Second, plaintiff insists he was not aware that a deposition was still scheduled for October 20, 2008 because defendants requested an extension of time to complete plaintiff's deposition, which the court granted. *Id.* at 4. As explained below, this claim is disingenuous. Indeed, plaintiff's own arguments demonstrate that his failure to attend his deposition was entirely within his control.

////

---

[2] Defendants' counsel states that he did not receive this letter until after the scheduled deposition. Defs.' Reply, Decl. of O'Brien ¶ 7.

1    Plaintiff does not deny that he was served with a notice of his continued deposition on
2 September 11, 2008.  Nor does he assert that he had no control over when his doctor's
3 appointment was scheduled, or that he was unable to notify defendants of the scheduling conflict
4 prior to October 13, 2008.  Thus, it appears that on September 24, 2008, despite knowing that his
5 deposition was rescheduled for October 20, 2008, plaintiff scheduled a conflicting doctor's
6 appointment.  Plaintiff then waited three weeks, and only one week prior to the scheduled
7 deposition, before mailing a letter to defendants notifying them of his doctor's appointment.
8 Furthermore, the court's order granting defendants' request for an extension of time was not
9 filed until midday on October 20, 2008.  Dckt. No. 123.  Thus, plaintiff could not have relied
10 upon this order, as he claims, to assume that his 9:00 a.m. deposition had been cancelled.  At
11 most, plaintiff was aware that defendants requested an extension of time to complete his
12 deposition.  Defendants' outstanding request, however, did not relieve plaintiff of his obligation
13 to appear for the scheduled deposition.[3]  Thus, plaintiff not only violated this court's September
14 10, 2008 order compelling him to attend his deposition, but his failure to attend his deposition
15 appears to have been willful.

      The court also finds that the public's interest in expeditiously resolving this litigation and
the court's need to manage its docket weigh in favor of dismissal, as this case has been pending
since July 12, 2007, and it is plaintiff's conduct that has delayed the proceedings and forced the
court to modify its scheduling order.  The third factor, risk of prejudice to defendants, also
weighs in favor of dismissal, since a presumption of injury arises from the occurrence of
unreasonable delay in prosecuting an action.  *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir.
1976).  It is also prejudicial to defendants to allow plaintiff to continue prosecuting this action

---

[3] Plaintiff asserts that his doctor's appointment was interrupted by a prison sergeant who informed plaintiff that he was scheduled for a parole hearing.  Pl.'s Opp'n at 3.  Plaintiff purportedly informed the sergeant that he did not have a hearing scheduled, that it must be a mistake, and that he would not be attending the hearing.  *Id.*  If plaintiff was notified of a scheduled hearing, as he asserts, the interruption should have alerted plaintiff of the possibility that his deposition was proceeding as planned.  Instead, it seems, plaintiff feigned ignorance.

4

while depriving defendants of their right to depose plaintiff and conduct meaningful discovery. The fourth factor, public policy favoring disposition of cases on their merits, is outweighed by the factors in favor of dismissal discussed herein. *See Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1385 (9th Cir. 1988). Finally, less drastic sanctions are not available. The court previously imposed a less drastic sanction when it ordered plaintiff to comply with discovery. The court also warned plaintiff that his failure to comply with the court's order could result in dismissal, yet plaintiff willfully disobeyed that order. Plaintiff's failure to avail himself to deposition jeopardizes "the orderly administration of justice" and there is no indication that additional sanctions or another order from the court will result in plaintiff's compliance.[4] *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (quoting *Wyle v. R. J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983)).

Accordingly, it is hereby recommended that defendants' November 10, 2008 motion to dismiss this action be granted and that all outstanding motions be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 15 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the

////

////

////

---

[4] Plaintiff's resistance to having his deposition taken is further evident from his recent filings in this action. Along with his opposition brief, plaintiff filed a frivolous motion for sanctions against defendants in response to their motion addressed herein for terminating sanctions. Pl.'s Nov. 21, 2008 Mot. for Sanctions. Notably, the sanction plaintiff seeks, in part, is to prohibit defendants from taking his deposition. *Id.* at 8. Additionally, on December 12, 2008, plaintiff requested an order from the court prohibiting defendants from taking his deposition because the discovery deadline has passed. Pl.'s Dec. 12, 2008 Opp'n to Defs.' Mot. at 5.

specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 16, 2009.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE