IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES T. DAVIS,

        Plaintiff,                No. CIV S-07-1383 FCD EFB P

   vs.

D. CALVIN, et al.,

        Defendants.        <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  On September 24, 2008 and May 4, 2009, plaintiff filed a motion to disqualify the undersigned pursuant to 28 U.S.C. § 455.  For the reasons explained below, the court finds that there is no basis for disqualification.

      A judge is required to disqualify himself if his impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice concerning a party, 28 U.S.C. § 455(b)(1).  Remarks made during the course of a judicial proceeding that are critical or hostile to a party or his case ordinarily will not support a bias or partiality claim unless they reveal an extrajudicial source for the opinion, or "such a high degree of favoritism or antagonism as to make fair judgment impossible."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).

////

Where the source of alleged bias or prejudice is a judicial proceeding, plaintiff must show a disposition on the part of the judge that "is so extreme as to display clear inability to render fair judgment." *Liteky*, 510 U.S. at 551. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. at 555. Bias is not found where the judge has expressed anger or dissatisfaction or annoyance that are within the bounds of reasonable behavior. *Id*. at 555-56.

The decision regarding disqualification is made by the judge whose impartiality is at issue. *Bernard v. Coyne*, 31 F.3d 842, 843 (9th Cir. 1994). The test for disqualification under section 455 is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *United States v. Winston*, 613 F.2d 221, 222 (9th Cir. 1980). Evaluations of impartiality, bias or prejudice under section 455 are made using an objective standard. *Id.*

Evaluated under this objective standard, plaintiff's motions fail to demonstrate personal bias or lack of impartiality. Plaintiff accuses the undersigned of fraud, and asserts that the undersigned is depriving him of a fair trial by consistently ruling against him and by misstating the facts, evidence, and law in this case. Plaintiff's allegations, however, are not supported by objective evidence showing that the undersigned's impartiality might reasonably be questioned, or that he has a personal bias or prejudice against plaintiff. Rather, plaintiff is simply dissatisfied with the rulings in this action. For example, plaintiff disagrees with the undersigned's characterization of his claims as set forth in the September 8, 2008 amended findings and recommendations, which recommended granting defendants' motions to dismiss. Pl.'s Sept. 24, 2008 Mot. for Recusal at 3-5. Plaintiff also challenges the undersigned's reasoning in the September 10, 2008 order denying plaintiff's request for sanctions. *Id.* at 5. Further, plaintiff challenges the undersigned's reasoning in the April 17, 2009 findings and recommendations,

1   which recommended that defendants' motion for terminating sanctions be granted.  Pl.'s May 4,
2   2009 Mot. for Recusal at 5.  Adverse rulings do not establish bias nor warrant recusal.
3   Furthermore, nothing in these rulings suggests that the undersigned harbors any favoritism or
4   antagonism that interferes with the ability to remain impartial.  Thus, plaintiff's motions must be
5   denied.
6       Accordingly, it is hereby ORDERED that plaintiff's September 24, 2008 and May 4,
7   2009 motions to disqualify are DENIED.
8   DATED:  June 4, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE